**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| WILD EQUITY INSTITUTE; SIERRA CLUB,<br><br>        Petitioners,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY; SCOTT PRUITT, Administrator, United States Environmental Protection Agency,<br><br>        Respondents. | No. 15-70199<br><br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Environmental Protection Agency

Argued and Submitted February 14, 2017
San Francisco, California

Before:  W. FLETCHER and RAWLINSON, Circuit Judges, and GORDON,[**] District Judge.

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]    The Honorable Andrew P. Gordon, United States District Judge for the District of Nevada, sitting by designation.

Wild Equity Institute and the Sierra Club (collectively "Wild Equity") petition this court to review the Environmental Protection Agency ("EPA") Administrator's denial of Wild Equity's Petition for Objection to Permit ("Petition"). The Bay Area Air Quality Management District ("BAAQMD"), a local entity responsible for enforcing some Clean Air Act ("CAA") permitting requirements, proposed to issue a Title V operating permit to Pacific Gas and Electric ("PG&E") for the Gateway Generating Station ("Gateway") in Antioch, California. The Administrator did not object to the issuance of the Title V permit. Wild Equity then petitioned the Administrator to review her decision. The Administrator denied Wild Equity's Petition.

Wild Equity timely petitions for review by this court. We have jurisdiction pursuant to 42 U.S.C. §§ 7661d(b)(2) and 7607(b)(1). "In considering . . . [a Petitioner's] petition for review, we do not decide whether . . . [the] substantive argument . . . is correct. Rather, we consider only whether the EPA Administrator erred in determining that . . . [Wild Equity] failed to demonstrate, pursuant to 42 U.S.C. § 7661d(b)(2), that the final Title V permit . . . did not comply with the CAA." *MacClarence v. U.S. E.P.A.*, 596 F.3d 1123, 1129 (9th Cir. 2010).

We deny Wild Equity's Petition. A prior Prevention of Significant Deterioration ("PSD") permit was issued after Section 7 consultation under the

Endangered Species Act. That PSD permit expired, but PG&E continued and completed construction on Gateway. PG&E and the EPA thereafter entered into a consent decree, settling an enforcement action brought by EPA. The consent decree allows Gateway to operate without a new PSD permit. The Administrator did not abuse her discretion in concluding that there are no applicable PSD permit requirements that apply to the proposed Title V permit challenged in this suit.

The petition to review the Administrator's order is **DENIED.**